USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/2020

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

NOVARTIS INTERNATIONAL PHARMACEUTICAL AG,

        Plaintiff,

v.

INCYTE CORPORATION,

        Defendant.

Case No. 1:20-cv-00400-GHW

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.    With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such

1

Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential that material that it reasonably and in good faith believes consists of:

(a) non-public, commercially sensitive, and/or proprietary information relating to any Party, their affiliates, and/or their business;

(b) any information that would be designated and/or expected to be treated as confidential pursuant the parties' November 24, 2009 Collaboration and License Agreement, as amended, including without limitation confidential information pursuant to Article XII thereto;

(c) previously non-disclosed research and development, clinical trial, or other pharmaceutical development data or information;

(d) previously non-disclosed projected or actual financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(e) previously non-disclosed material relating to ownership or control of any non-public company;

(f) previously non-disclosed business planning or forecasting information, product-development information, or marketing plans, or other similar materials;

(g) any information of a personal or intimate nature regarding any individual; or

(h) any other category of information given confidential status by this Court after the date of this Order.

3. The Producing Party may designate as Highly Confidential that material that the Producing Party reasonably and in good faith believes contains (a) highly sensitive and/or proprietary information, the disclosure of which would result in competitive, commercial, and/or financial harm to the Producing Party or its employees, affiliates, clients, or customers; or (b) material that a Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Material. The designation of Discovery Material as "Highly Confidential" shall constitute a representation that such Discovery Material has been reviewed by counsel of record representing the Party making that heightened designation and that there is a good faith basis for such designation. If any Highly Confidential Discovery Material is produced by a nonparty to this litigation, pursuant to a subpoena or otherwise, such a nonparty shall be considered a Producing Party within the meaning of that term as it is used in the context of this Order and each of the Parties shall be treated as a Receiving Party. Highly Confidential information that originated with a nonparty may be designated as such and shall be subject to the restrictions on disclosure specified herein. This paragraph does not modify or revise the obligation of any Party receiving any document(s) from a third party, pursuant to a subpoena or otherwise, to produce copies (designated as Highly Confidential or otherwise) to all parties to this litigation, subject to the confidentiality obligations set forth in this Order.

4. Copies or excerpts of information contained within, or summaries, notes, memoranda, correspondence, or charts containing any information from, a document or thing designated as Confidential or Highly Confidential shall also be treated respectively as Confidential or Highly Confidential.

5. Confidential or Highly Confidential Discovery Material shall not include information that at the time of the disclosure hereunder is available to the public, or after disclosure hereunder becomes available to the public.

6. With respect to Confidential or Highly Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" each page or portion of the protected material in a manner that will not interfere with legibility or audibility, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" or "Highly Confidential," as applicable, need only be stamped on the first page of the document in order for the entire document to be treated as "Confidential" or "Highly Confidential," respectively, if appropriate; or (b) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential," as applicable, in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential," as applicable, to the media containing the Discovery Material (e.g., CD-ROM, floppy disk, DVD). Where only a portion of a document has been designated as Confidential or Highly Confidential, the Producing Party shall produce for future public use another copy of said Discovery Material with the confidential information redacted.

7. A Producing Party or its counsel may designate deposition exhibits or testimony within deposition transcripts as Confidential or Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential

4

Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order;" as appropriate or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript as well as the deposition exhibits that are to be designated "Confidential" or "Highly Confidential" in which case all counsel receiving the transcript and its exhibits will be responsible for marking the copies in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential as well as all of its exhibits.

8. Inadvertent failure to designate Discovery Material as Confidential or Highly Confidential shall not constitute a waiver of such claim and can be corrected. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within two business days of providing such notice.

9. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

10. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action and their directors, officers, managers, employees, and/advisors, or any subsidiary or affiliate thereof, who are directly assisting with or making decisions concerning this litigation;

    (b) any insurer to any Party and counsel to such insurer, as may be applicable;

    (c) counsel who represent any Party in this action (including in-house counsel), including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

    (d) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    (f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having obtained or received a copy (or in the case of meeting minutes, presentations, and other similar materials, an attendee or presenter at the meeting);

    (g) any witness who may testify at deposition and/or trial in this action, or in preparation therefor, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) any person a Party has retained to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided this person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(j) this Court, including any appellate court, its support personnel, and court reporters.

11. Where a Producing Party has designated Discovery Material as Highly Confidential, other persons subject to this Order may disclose such information only to the following categories:

(a). outside counsel who represent any Party in this action, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

(b). in-house counsel who are directly assisting with or making decisions concerning this litigation, including but not limited to the General Counsels affiliated with any Party and any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter, provided that such in-house personnel first execute a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(c). outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person or entity has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(d). any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e). fact witnesses in this action who are current or former directors, officers, or employees, or corporate designees of the Producing Party under Fed. R. Civ. P. 30(b)(6), but only at deposition or trial or in preparation therefor, and only where the Discovery Material designated as Highly Confidential relates to their service or employment for the Producing Party and so it is reasonable to believe that the witness may have knowledge related to the Discovery Material designated as Highly Confidential, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f). any person a Party has retained to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided this person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, and if this person is ultimately designated as an expert pursuant to the expert disclosure deadlines set forth in the Scheduling Order in this case, is identified at that time as someone who received Discovery Material designated as Highly Confidential and executed the Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g). stenographers engaged to transcribe depositions the Parties conduct in this action; and

(h). this Court, including any appellate court, its support personnel, and court reporters.

12. Before disclosing any Confidential Discovery Material or Highly Confidential Material to any person referred to in subparagraphs 10 (e), (g), and (h) or subparagraphs 11 (b) through (f) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

13. This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

14. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual

Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

15. Any Party who objects to any designation of confidentiality (whether Confidential or Highly Confidential) may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices. Counsel for the Party designating Discovery Material as Confidential or Highly Confidential shall bear the burden of proof as the appropriateness of any challenged designation, with the specific intent of encouraging good faith designations at the outset.

16. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding; provided, however, that the foregoing shall not apply to Confidential or Highly Confidential Discovery Material that is later made part of the public record. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17. Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or

other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party within 3 business days of receipt of the demand, and if permitted by the time allowed under the request, at least 10 business days before any disclosure. The Party receiving the subpoena, demand, or request and providing the notice of receipt to the Producing Party must promptly object to production on the grounds of the existence of this Order. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

20. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

21. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: New York, New York
March 27, 2020

| GREENBERG TRAURIG, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| /s/ Hal S. Shaftel | /s/ Richard I. Werder, Jr. |
| Hal S. Shaftel | Richard I. Werder, Jr. |
| Sylvia E. Simson | F. Dominic Cerrito |
| MetLife Building | Eric Stops |
| 200 Park Avenue | Daniel P. Mach |
| New York, New York 10166 | 51 Madison Avenue, 22nd Floor |
| Tel: (212) 801-9200 | New York, New York 10010 |
| Fax: (212) 801-6400 | Tel: (212) 849-7000 |
| shaftelh@gtlaw.com | Fax: (212) 849-7100 |
|  | rickwerder@quinnemanuel.com |
| *Attorneys for Plaintiff Novartis International Pharmaceutical AG* | *Attorneys for Defendant Incyte Corporation* |

SO ORDERED.

Dated: April 2, 2020

_____
GREGORY H. WOODS
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NOVARTIS INTERNATIONAL PHARMACEUTICAL AG, <br><br> Plaintiff, <br><br> v. <br><br> INCYTE CORPORATION, <br><br> Defendant. | **Case No. 1:20-cv-00400-GHW** <br><br> **NON-DISCLOSURE AGREEMENT** |

      I,_____ acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential.  I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

 

_____
Name:
Date: