

Sylvia E. Simson
Tel 212.801.9200
Fax 212.801.6400
simsons@gtlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

December 23, 2021

**VIA ECF**

Hon. Gregory H. Woods
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 2269
New York, New York 10007

      Re:  *Novartis Pharma AG v. Incyte Corp.*, No. 20-CV-00400 (S.D.N.Y.)—Joint Letter Requesting Appointment of Commissioners and Direction of Submission of Hague Convention Application

Dear Judge Woods:

      Pursuant to Rules 28 and 30 of the Federal Rules of Civil Procedure and Rule 1.F of Your Honor's Individual Rules of Practice, we write jointly on behalf of Plaintiff Novartis Pharma AG ("Novartis"), who we represent, and Defendant Incyte Corp. ("Incyte"), who is represented by Quinn Emanuel Urquhart & Sullivan, LLP, to request that the Court issue an order duly appointing the counsel listed below as Commissioners for the purpose of taking the voluntary testimony by oral deposition under oath via videoconference of two (2) Novartis witnesses who live and work in Switzerland, pursuant Article 17 of the Hague Convention of 18 March 1970 on Taking Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). Novartis has agreed to voluntarily obtain the necessary Swiss authorization for two Novartis witnesses in order for the parties to proceed pursuant to Article 17 of the Hague Convention.

      Article 17 of the Hague Convention provides that

> [i]n a civil or commercial matter, a person duly appointed as a commissioner for the purpose may, without compulsion, take evidence in the territory of a Contracting State in aid of proceedings commenced in the courts of another Contracting State if – (a) a competent authority designated by the State where the evidence is to be taken has given its permission either generally or in the particular case; and (b) he complies with the conditions which the competent authority has specified in the permission.

Therefore, under Article 17 of the Hague Convention, the voluntary testimony, by deposition, of a witness located in Switzerland can be conducted by U.S. counsel as commissioners duly appointed by a U.S. court and authorized to proceed by the competent Swiss authorities. *See* Swiss Federal Office of Justice's Guidelines, https://www.rhf.admin.ch/dam/rhf/en/data/zivilrecht/ wegleitungen/wegleitung-zivilsachene.pdf.download.pdf/wegleitung-zivilsachen-e.pdf, at 29 (last visited Dec. 21, 2021).

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue │ New York, New York 10017 │ T +1 212.801.9200 │ F +1 212.801.6400

www.gtlaw.com

December 23, 2021
Page 2

In contrast, Swiss law can prohibit the taking of evidence in Switzerland for purposes of a foreign civil proceeding absent compliance with treaties or international agreements. *See, e.g.*, U.S. Embassy in Switzerland and Liechtenstein, https://ch.usembassy.gov/u-s-citizen-services/local-resources-of-u-s-citizens/living-in-ch/judicial-information/obtaining-evidence/ (last visited Dec. 22, 2021). Indeed, the Swiss Penal Code provides that

> any person who carries out activities on behalf of a foreign state on Swiss territory without lawful authority, where such activities are the responsibility of a public authority or public official, any person who carries out such activities for a foreign party or organisation, any person who facilitates such activities, is liable to a custodial sentence not exceeding three years or to a monetary penalty, or in serious cases to a custodial sentence of not less than one year.

*See, e.g.*, Article 271 of the Swiss Penal Code, https://www.admin.ch/opc/en/classified-compilation/19370083/index.html (last visited Dec. 22, 2021). In particular, the Swiss Federal Office of Justice's Guidelines state that: "the conduct of a hearing by a foreign authority or foreign lawyers by video conference of witnesses or parties who are physically located in Switzerland constitutes an act by a public authority on Swiss territory, and as such is therefore illegal unless authorised." *See* Swiss Federal Office of Justice's Guidelines, https://www.rhf.admin.ch/dam/rhf/en/data/zivilrecht/wegleitungen/wegleitung-zivilsachene.pdf.download.pdf/wegleitung-zivilsachen-e.pdf, at 33 (last visited Dec. 22, 2021). An act will be deemed "authorized" under the Swiss Penal Code if it is permitted under the law or a treaty concluded by Switzerland. In particular, acts performed within the framework of the Hague Convention, to which both the United States and Switzerland are parties—*see* Hague Conf. on Private Int'l Law, Status Table, http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last updated June 2021)—are *ipso facto* deemed "authorized."

Thus, to comply with Swiss law, Novartis must follow the Hague Convention in providing testimony in this matter with the prior authorization of the Swiss competent authorities.

The parties request that the Court appoint the following counsel for Novartis and Incyte as Commissioners pursuant to Article 17 of the Hague Convention:

1. Counsel at Quinn Emanuel Urquhart & Sullivan, LLP (located at 51 Madison Avenue, 22nd Floor, New York, New York 10010) for Defendant Incyte (Incyte Corporation, 1801 Augustine Cut-off, Wilmington, DE 19803): Richard I. Werder, Jr., F. Dominic Cerrito, Eric Stops, Daniel P. Mach, Luke H. Phillips, and Sophia Qasir;

2. Counsel at Greenberg Traurig, LLP (located at One Vanderbilt Avenue, New York, New York 10017) for Plaintiff Novartis (Novartis Pharma AG, Forum 1, Novartis Campus, 2056 Basel, Switzerland): Harold S. Shaftel, Sylvia E. Simson, John C. Molluzzo, Jr., Keith Hammeran, and Andrea N. Chidyllo; and

December 23, 2021
Page 3

      3.    Counsel at Bär & Karrer AG (located at Brandschenkestrasse 90, 8027 Zurich, Switzerland) for Plaintiff Novartis (Novartis Pharma AG, Forum 1, Novartis Campus, 4056 Basel, Switzerland): Martina Athanas.

      A proposed order is attached hereto as **Exhibit A**. The signed order will be given to counsel at Bär & Karrer AG, who will file it together with the necessary application for authorization from the relevant Swiss authorities.

      To the extent the Court determines that a conference for this relief is necessary, the parties are available to discuss this application further at the Court's convenience.

      Respectfully submitted,

      Sylvia E. Simson

The parties' joint request for the appointment of Commissioners is denied without prejudice. The proposed order requests that the Court make certain findings regarding the nature and necessity of the evidence sought by the parties. The parties have not provided accompanying affidavits or other factual support necessary for the Court to make that finding. Should the parties wish to resubmit their request, they should ensure that the Court is provided with such factual support.

The Clerk of Court is instructed to terminate the motion at Dkt. No. 83.

SO ORDERED.

Dated: December 23, 2021
New York, New York

      GREGORY H. WOODS
      United States District Judge