UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
NOVARTIS PHARMA AG,                            :

     Plaintiff,                                    :
                                                                   ORDER

         -against-                               :

                                                                 20 Civ. 400 (GHW) (GWG)

INCYTE CORPORATION,                            :

     Defendant.                                    :
---------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE:**

      Before the Court is the application of plaintiff Novartis Pharma AG ("Novartis") to maintain sealing of three privilege logs[1] filed by defendant Incyte Corporation ("Incyte") in connection with Incyte's motion to compel. See Letter Motion to Maintain Sealing of Exhibits Filed with Defendant's Motion to Compel (Doc. No. 527), filed March 10, 2025 (Docket # 528) ("Sealing Mot."). Incyte does not oppose the motion.

      The legal framework for our consideration of this application — particularly as relevant to discovery motions — is set forth in this Court's decision in In re New York City Policing During Summer 2020 Demonstrations, 635 F. Supp. 3d 247, 251-254 (S.D.N.Y. 2022). As noted therein, documents filed in connection with discovery motions are "judicial documents" to which the "presumption of access attaches," Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). But "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019). "Thus, while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." Id.

      Novartis accurately describes the logs as follows:

> each entry in the Privilege Logs identifies the date, type, sender, recipient(s), Bates Number, and privilege justification for each email, presentation, or other document . . . a "Category Description" that explains the substantive nature of the

---

[1] See Novartis Supplemental Privilege Log, filed March 4, 2025, annexed as Ex. 3 to Incyte's Memorandum of Law in Support of its Motion to Compel, filed March 4, 2025 (Docket # 527) ("Incyte Mem.") (Docket # 527-1); Novartis Supplemental Redaction Log, filed March 4, 2025, annexed as Ex. 4 to Incyte Mem. (Docket # 527-2); Novartis Second Supplemental Privilege Log - 2/15/2022, filed March 4, 2025, annexed as Ex. 5 to Incyte Mem. (Docket # 527-3).

document, including identifying specific agreements, products, and patent applications to which they relate. Some entries contain detailed, document-specific information relating to due diligence, existing relationships, and planned future endeavors.

Sealing Mot. at 2. We agree with Novartis that this information, "if publicly revealed, could provide 'insight into [Novartis's] current business practices that a competitor would seek to exploit.'" Id. at 3 (citing Louis Vuitton Malletier S.A. v. Sunny Merch. Corp., 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015)). Additionally, we agree that public disclosure of the Privilege Logs would invade the "privacy interests" of third parties "who were copied or otherwise included on numerous emails for a period of over a decade." Id. at 3. As the Second Circuit has noted, the "privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation." Application of Newsday, Inc., 895 F.2d 74, 79-80 (2d Cir. 1990). In light of the lower presumption of access to documents filed in connection with discovery disputes, Novartis's interest in maintaining the sealing of the logs outweighs the public's interest in accessing them.

Accordingly, the motion to maintain sealing (Docket # 528) is granted.

SO ORDERED.

Dated: April 28, 2025
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge